UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES of AMERICA,

   Plaintiff,
v.                 **DECISION AND ORDER**
                      08-CV-582S

ONE 2007 CADILLAC ESCALADE ESV
AUTOMOBILE, VEHICLE IDENTIFICATION
NUMBER: 1GYFK66807R253727, et al.,

   Defendants.

## I. INTRODUCTION

Presently before this Court is Plaintiff's Motion for Default Judgment and Order of Forfeiture (Docket No. 23) as it relates to the remaining defendant in this action — One 2007 Cadillac Escalade ("the Cadillac Escalade"). Claimant GMAC, LLC, opposes Plaintiff's motion and requests that default be set aside to permit the filing of an Answer. (Docket No. 25.) For the reasons discussed below, Plaintiff's motion will be denied and GMAC's request will be granted.

## II. BACKGROUND

Plaintiff commenced this civil forfeiture action against seven defendant properties on August 6, 2008. (Docket No. 1.) Plaintiff alleges that the defendant properties were purchased or otherwise financed with funds gained through the illegal manufacture and sale of narcotics, and are therefore subject to forfeiture under 21 U.S.C. §§ 881(a)(2), (3), (4), (5), (6) and (7). (Verified Complaint for Forfeiture, Docket No. 23, ¶¶ 5–11.)

Plaintiff sent notice of the action to GMAC, as a lienholder on the Cadillac Escalade, via regular and certified mail on October 16, 2008, addressed to GMAC's post office box in Cockeysville, Maryland. (Kaufman Affidavit, Docket No. 23, ¶ 6; Certificate of Service, Docket No. 17, p. 2.) Plaintiff also published notice in the Olean Times Herald weekly for three weeks beginning on September 18, 2008 (Affidavit of Publication, Docket No. 19), and at www.forfeiture.gov for thirty days beginning October 1, 2008, (Declaration of Publication, Docket No. 20).

Despite receiving this actual and constructive notice, GMAC did not file a claim stating its interest in the Cadillac Escalade. Consequently, Plaintiff filed a Request for Entry of Default (Docket No. 21), which the Clerk of the Court granted on December 4, 2008, (Docket No. 22). Plaintiff then filed a Motion for Default Judgment (Docket No. 23), which it served on GMAC on December 9, 2008, (Docket No. 24).

In opposition to Plaintiff's Motion for Default Judgment, GMAC filed two affidavits of Norris Ory, who is an account manager with GMAC. (Affidavit of Norris Ory, Docket No. 25; Reply Affidavit of Norris Ory, Docket No. 30-2) Therein, Ory asserts that although GMAC has not designated the Cockeysville, Maryland address for receiving process, it has received process at that location in the past and has procedures in place for handling notices of forfeiture. (Ory Reply Affidavit, ¶ 4.) Ostensibly due to a misunderstanding based on an inadequate reading of the document, GMAC's employee misfiled the Complaint. (Ory Reply Affidavit, ¶ 5.) Ory maintains that GMAC acted promptly once the mistake was discovered, and would have handled the matter appropriately if it had been served through the New York Secretary of State. (Ory Reply Affidavit, ¶¶ 6–7.)

## III.  DISCUSSION

**A.     Adequacy of Notice and Timeliness of Filing**

GMAC disputes the adequacy of notice by arguing that if service had been to their designated agent, the New York Secretary of State, it would have handled the matter appropriately.  (Ory Reply Affidavit, ¶ 6.)  This argument is unpersuasive.

Adequate notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).  Here, Plaintiff served GMAC at the address used for forfeiture proceedings.  Although GMAC had not designated the Maryland address for receipt of process, by its own admission, it has "received a good deal of legal process" at that address and established procedures accordingly.  (Ory Reply Affidavit, ¶ 4.)  And GMAC admits that its failure to act timely was due to its mishandling of the Complaint, not to the fact that notice was sent to the Maryland address instead of the New York Secretary of State.  (Ory Affidavit, ¶¶ 5–8.)

GMAC next claims that under Rule G(5)(a)(ii) of the Supplemental Rules of Certain Admiralty and Maritime Claims, the deadline for filing a claim to the property was sixty days after the first web publication, or December 1, 2008.  The sixty-day deadline, however, applies only when direct notice has not been sent pursuant to Rule G(4)(b). See Admiralty, Maritime Claims, Supp. Rules G(5)(a)(ii).  When direct notice has been sent, Rule G(4)(b)(ii)(B) sets the deadline at thirty-five days after the notice is sent. See Admiralty, Maritime Claims, Supp. Rules G(4)(b)(ii)(B).  Thus, the applicable deadline was thirty-five

days after notice was sent to GMAC, or November 20, 2008. Regardless, GMAC failed to meet either deadline. Thus, the Clerk of the Court properly entered default.

**B.    Setting Aside Default**

Under Rule 55(c) of the Federal Rules of Civil Procedure, "the court may set aside an entry of default for good cause[.]" Fed.R.Civ.P.55(c). The criteria for evaluating whether there is "good cause" are identical to those used to evaluate a Rule 60(b) motion to set aside default judgment, though the standard is less rigorous in the context of default. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). In evaluating a motion to set aside an entry of default under Rule 55(c), the court should consider the willfulness of default, whether defendant has a meritorious defense, and any prejudice that may occur to the non-defaulting party if relief is granted. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001); Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983). This analysis is left to the discretion of the Court, with a preference for adjudication on the merits where there is any doubt. See Enron Oil Corp., 10 F.3d at 95–96.

**1.    Willfulness**

In this case, GMAC concedes that the negligence of its employee is likely the cause of its failure to timely file an Answer, and Plaintiff does not offer any evidence suggesting otherwise. (Ory Reply Affidavit, ¶ 5.) Mere neglect, however, does not rise to the level of willfulness in the context of a Rule 60(b) motion, and thus is not willfulness for the

4

purposes of the less rigorous Rule 55(c) standard.  See Tesillo v. Emergency Physician Assoc., Inc., 230 F.R.D. 287, 289 (W.D.N.Y. 2005) (citing Am. Alliance Ins. Co., 92 F.3d at 61).  Willfulness involves bad faith, deliberateness, or "at least something more than mere negligence."  Am. Alliance Ins. Co., 92 F.3d at 60.   Plaintiff has not come forward with any evidence of bad faith or deliberateness.  Thus, this Court finds that GMAC's failure to file an Answer was not willful.

### 2. Meritorious Defense

Plaintiff concedes that GMAC appears to be an innocent owner under 18 U.S.C. § 983(d)(2)(A)(I) and thus has established a possible meritorious defense.  (Plaintiff's Response, Docket No. 29, at p. 10.)  This factor therefore weighs in favor of setting aside the entry of default.

### 3. Prejudice to Non-Defaulting Party

Finally, setting aside the entry of default will not prejudice Plaintiff.  Plaintiff's only claim of prejudice is delay, which, without more, is not enough to establish prejudice.  Tesillo, 230 F.R.D. at 289 (citing Enron Oil Corp., 10 F.3d at 98).  To be prejudicial, delay must cause "loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Jones v. Herbert, No. 02-CV-0847, 2004 WL 3267285, at *3 (W.D.N.Y. Oct. 27, 2004).  No such prejudice is claimed or present here.

5

## IV.  CONCLUSION

Accordingly, in light of the strong preference for resolving disputes on the merits, and given this Court's findings that (1) GMAC's conduct was not willful, (2) GMAC raises a possible meritorious defense, and (3) Plaintiff is not prejudiced, this Court will grant GMAC's Request to Set Aside Default pursuant to Rule 55(c).

## V.  ORDERS

IT HEREBY IS ORDERED, that GMAC's Request to Set Aside Default (Docket No. 25) is GRANTED.

FURTHER, that GMAC shall file an Answer within 35 days of the filing date of this Decision and Order.

FURTHER, that Plaintiff's Motion for Default Judgment and Order of Forfeiture, (Docket No. 23), as it relates to the Cadillac Escalade, is DENIED as moot.

SO ORDERED.

Dated:  June 14, 2009
      Buffalo, New York

                          /s/William M. Skretny
                          WILLIAM M. SKRETNY
                          United States District Judge